# WHEELER *vs.* HATCH.

Where a subscribing witness to a deed, testified that he had no distinct recollection of its execution, or of attesting it; but that the hand writing resembled his, and from this, with other circumstances, he was of the opinion that he did witness the execution of the deed, it was held to be sufficient to entitle the deed to be read to the jury.

An action may be maintained on the covenant of *seizin* in a deed, where one conveyed with covenants of seizin and warranty, land which he had *in possession* but to which he claimed *no title.*

THIS was an action of covenant broken, in which the plaintiff declared upon a breach of the covenant of seizin in the defendant's deed, purporting to convey to the plaintiff a certain lot of land in *Bangor.*

To prove the execution of the deed, the plaintiff introduced the deposition of one of the subscribing witnesses, who deposed that she had no distinct recollection of its execution, or of attesting it; but that the handwriting resembled hers, and from that and other circumstances, she was strengthened in the opinion, that she did witness the execution of the deed. This, the defendant's counsel contended, was not sufficient to entitle the plaintiff to read the deed to the jury; but the Judge overruled the objection.

It was proved that a strip of land, included in said deed, two feet wide and seventy feet long, on the back part of the lot, the defendant was not seised of at the time of the conveyance. It was also proved, that of a triangular piece of land, included in the deed, the defendant was in possession at the time of the execution of her deed; but it was proved by another witness, that she did not claim it as her own.

The cause was taken from the jury by consent of parties; they agreeing that the Court should render such judgment as, upon this evidence they should deem proper.

*T. P. Chandler,* for the plaintiff.

*A.* and *C. Gilman,* for the defendant.

WESTON C. J. — The subscribing witness to the deed in question, has no distinct recollection of its execution, or of attesting it; but she says the handwriting resembles hers, and from that

and other circumstances, she is strengthened in the opinion, that she did witness the execution of the deed. This is as much as most witnesses can say, after many years have elapsed, and when the execution was unattended with circumstances, which might fix it in the memory. No suspicion whatever has been thrown upon the deed ; and all the witness did say, is calculated to produce in the minds of others, as it did in her own, that she saw it executed. It warranted the reading of the deed to the jury, to whom it belonged to pass upon the fact. As the parties, however, have desired to refer that question to the Court, we do not hesitate to state, that the deed appears to us to be sufficiently proved, in the absence of all counter proof, and there being no suggestion of fraud.

With regard to the strip of land, seventy feet long and two wide, it is not pretended that the defendant was seised when she made her deed. And we hold it to be equally clear, that she was not seised of the triangular piece in controversy. For, although she was in possession of that piece, it appears that she did not claim it as her own. She has shown no title to either ; and as both were included in her deed, her covenant of seizin is broken as to them, and the plaintiff is entitled to judgment for such a sum in damages, with the interest of it, as the value of those pieces, compared with the whole consideration paid, bears to the whole purchase.